IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.                                        Criminal Action No. 1:08CR89

MELVIN LEO OWENS,
          Defendant.


## OPINION, REPORT AND RECOMMENDATION


I.

Procedural History


Defendant, Melvin Leo Owens, was charged by indictment on November 5, 2008 with

three counts of tax evasion (Tax Evasion for Tax Year 2003-Count One, Tax Evasion for Tax

Year 2004-Count Two and Tax Evasion for Tax Year 2005-Count Three) in violation of Title

26, United States Code, Section 7201.

Defendant was arraigned on the indictment on December 4, 2008 at which arraignment

the Court entered a "not guilty" to the indictment and each count of the indictment pursuant to

the provisions of FRCrimP 11(a)(4) (DE 24).

Subsequent to the return of the indictment, Defendant filed or lodged with the Court

Clerk the following documents which the Court construes as pleadings:

1)      A document in letter form filed November 17, 2007 (DE 5) in which Defendant asserts:

A) The name on the indictment is not his and therefor he cannot answer it;

B) He does not live at 404 Brandonville Street and that house is empty;

C) He does not live in a "federal teritory [sic] nor a federal zone" and is not a resident;

D) He goes by the name of "Melvin Leo Owens";

E) The Court lacks jurisdiction over him;

F) He rejects any appointment of an Attorney;

G) He is and remains in "common law jurisdiction"; and

H) He makes a special appearance in Court only to challenge its jurisdiction over him.

In addition he asserts his specific defenses to the allegations in the indictment. He attached an "APOSTILLE" as one of two attachments thereto.

2) A document in letter form filed November 19, 2008 (DE 8) in which he

A) Claims the subpoena issued to him was counterfeit.

B) Claims an unauthorized investigation by the IRS, Jeffery G. James.

C) Claims counterfeit subpoenas were used to violate his right to privacy by "acquiring records from my customers, suppliers and other private dealings

thereby scaring them off and costing me an untold amount, again thereby playing a large part in ruining my private businesses."

D) Claims he "prepared sealed testimony for the Grand Jury. An appearance was made and the testimony delivered according to the subpoena, The Grand Jury didn't know anything about it and neither did The Clerk of the Court, DR. Wally Edgell, because the subpoena was counterfeit and there was no investigation authorized. I also endured many hardships during this time by IRS, Jeffery G James, one of which was false imprisonment in a holding cell at the Preston County Jail. I was locked in the cell with no way out and unattended."

3) A document filed November 20, 2008 challenging the Court's jurisdiction over him (DE 10).

4) A document in letter form filed November 21, 2008 (DE 12) notifying the Court of "possible violations of Constitutional Law" asserting:

A) The Court has no jurisdiction over him because he does not "reside, inhabit, am not domiciled in on or in any other such way am not located in or on any federal territory."

B) There is no claim against him.

C)      Congress has no legislative power over "[t]he land of the Organic state of West Virginia."

D)      [T]he people who served on the Grand Jury that issued the alleged indictment" do not live in a "federal territory."

E)      "[N]o jurisdiction exists in the United States to enforce federal criminal laws, unless and until consent to accept such jurisdiction over lands acquired by United States has been filed in behalf of the United States as provided in said section, and the fact that State has authorized government to take jurisdiction is immaterial." "The land of West Virginia a Republic was not acquired by the United States, and there has been no 'consent to accept such jurisdiction over lands acquired by United States'...."

5)      A document entitled "Affidavit of Truth. Petition. Demand to Quash." was filed November 25, 2008 (DE 14) in which Defendant demands that the case against him be "Quashed" because:

A)      "Failure to identify the so called Defendant."

B)      "Failure to identify me."

6)      A document filed November 25, 2008 (DE 16) purporting to give notice that failure to

respond to his prior motion to quash and establish jurisdiction constitutes waiver and admission of his claims that the Court has no jurisdiction.

7)     A Statement and Affidavit filed December 4, 2008 (DE 23) wherein Defendant again challenging the jurisdiction of the Court and asserting that he is not named in the indictment and that he does not live within the jurisdiction of the Federal Court.

8)     A Motion to Dismiss filed December 8, 2008 (DE 28).

9)     A letter filed December 9, 2008 (DE 30 ) again challenging the jurisdiction of the Court, the validity of the charges in the indictment against him and asserting various claims of affirmative defense to the charges made against him in the indictment.

10)    Two Freedom Of Information Act Request[s] For Information filed December 12, 2008 (DE 35 and 37).

11)    Other letters and documents received by the Court on December 17, 2008 challenging the jurisdiction of the Court and complaining that the United States violated the discovery provisions of the Initial Scheduling Order entered December 4, 2008 (DE 24).

12)    On December 29, 2008 Defendant filed his "For The Record Judicial Notice" (DE 50).

13)    On December 30, 2008 Defendant filed a document entitled "Discovery" (DE 52).

14)    On December 31, 2008 Defendant filed his "Judicial Notice" (DE 54).

15) On January 5, 2009 Defendant filed his Memorandum in Support of Motions, Complaint and Possible Claim (DE 56).

16) On January 5, 2009 Defendant filed his "Judicial Notice" (DE 59).

17) On January 5, 2009 "Defendant filed his Writ of Mandamus by the Sovereign" (DE 61).

18) On January 6, 2009 Defendant filed a document entitled "Jurisdiction" (DE 62).

19) On January 7, 2009 Defendant filed his memorandum in opposition to the Government's Response to Melvin Owens' Motion to Quash (DE 65).

20) On January 8, 2009 Defendant filed his response to the Court's Order appointing stand-by counsel (DE 64).

21) On January 9, 2009 Defendant filed a document entitled "Judicial Notice" (DE 70).

24) On January 9, 2009 Defendant filed a document entitled "Jurisdiction" (DE 72).

On January 5, 2009 the United States filed (DE 58) her Response In Opposition to Melvin Owens' Motion to Quash (DE 14), Motion to Dismiss (DE 28), and "For the Record, Judicial Notice" (DE 50).

The matter was referred to the undersigned Magistrate Judge by Order entered December 9, 2008 (DE 32-33).

As a result of a hearing held December 23, 2008, Defendant was appointed "Stand-by Counsel" by order dated January 6, 2009 (DE 66).

The initial scheduling order set a hearing on motions for January 9, 2009 at 9:00 am.

On January 9, 2009 came the Defendant, in person; Brian Kornbrath, the Federal Public Defender who was appointed as stand-by counsel; and Assistant United States Attorney Andrew Cogar.

Thereupon, Defendant's motions came on to be heard upon the filings made by the Defendant, the oral arguments presented by Defendant and the written response and oral argument of Assistant United States Attorney Cogar. The Federal Public Defender, as stand-by counsel was present throughout but Defendant expressed his unwillingness to accept any assistance from stand-by counsel and went so far as to state on the record that he rejected the appointment of stand-by counsel. Stand-by counsel, while present, did not actively participate in the proceeding.

The matters at issue were deemed submitted for the preparation of this Opinion, Report and Recommendation.

II
Contentions of the Parties

Defendant:

Generally, Defendant's contentions can be summarized into the following categories:

1)      The Court has no jurisdiction over him or the subject matter because:

A.    his name is spelled in all capital letters within the indictment instead of with upper and lower case letters;

B.    the Court has not told him what the basis of its jurisdiction is and he does not believe any jurisdiction exists;

C.    income tax evasion is not listed under Title 18 of the United States Code and is therefore not a crime;

D.    there is no common law jurisdiction since the IRS is a corporation and corporations are not people and cannot therefore be victims;

E.    there is no equity jurisdiction since this is called a criminal case and there is no contract;

F.    the land of West Virginia was not acquired by the United States;

G.    the Court is acting under a military flag and therefor is a military court not competent to try a Citizen of West Virginia;

H.    he is a private inhabitant of a state, an American Sovereign and not citizen of a state or a US citizen or a 14th amendment citizen or a privileged federal worker or government employee, corporation or trust;

2)    The Government failed to provide its discovery:

A.    by December 11, 2008 as provided for in the Court's Initial Scheduling Order;

the failure to provide discovery breaches the Government's contract with the Court; and the Court's extending the delivery date of the discovery to a later date does not do away with the Government's original breach of contract;

B.  the discovery which was provided included social security numbers and other personal information the Government should not have disclosed and would not have disclosed to a criminal so Defendant reasons he cannot be a criminal;

C.  the discovery provided is useless to Defendant.

3)  The Defendant's Writ of mandamus By the Sovereign seeks a writ of mandamus "to remain in effect until such time as the above ('United States District Court, Northern district of West Virginia, Attorney General US, Chief Justice Supreme Court of the United States, United States Court of Appeals for the Fourth Circuit, United states Senate, and United states Congress')have completed their investigation and made a decision on said investigation, or, until the United States District Court of the Northern District of West Virginia completes its own investigation and there by dismisses said case with prejudice."

<u>United States</u>

1)  The Court has jurisdiction over both the subject matter and the Defendant.

2)  Venue is proper in the Northern District of West Virginia.

3)      Federal income Tax laws are Constitutional.

III

Discussion

Jurisdiction

Mr. Owens has moved to dismiss all charges against him based on lack of jurisdiction

for a number of reasons set forth in his numerous filings and in his repeated oral presentations

in open court.

Mr. Owens was indicted for three separate felony counts of income tax evasion under

Title 26, Section 7201 of the United States Code by a duly constituted grand jury[1] attending the

United States District Court for the Northern District of West Virginia.  If convicted, Mr. Owens

could be fined not more than $100,000.00 or imprisoned not more than five (5) years, or both for

each count of conviction plus he could be assessed the costs of prosecution.

Mr. Owens' challenge to the jurisdiction of the Court "is unusual, if not bizarre."  US v.

Mitchell, 405 F. Supp.2d 602 (D.Md. 2005).  As in Mitchell, the exact theory relied on by Mr.

Owens to challenge the jurisdiction of the Court is difficult to ascertain.  However, like the

Mitchell defendants, Mr. Owens argues repeatedly that he does not consent to jurisdiction or

contract with the Court or the United States such that it can obtain jurisdiction over him.  Mr.

---

[1]To the extent Defendant argues that the grand jury was not from the Northern District of
West Virginia, Defendant has not offered any evidence to support his argument.

Owens also repeatedly claims that he does not understand the charges against him and that he is not properly identified as a flesh and blood man or natural man in the indictment because his name is spelled in it using all capital letters instead of using upper and lower case letters.

These and the other arguments made by Mr. Owens to challenge the jurisdiction of the Court are not original with him. They repeatedly show up in pleadings across the country. They are the "antics and writings of extremists who wish to dissociate themselves from the social compact undergirding this nation's democratic institutions, including the independent judicial branch of government. *See* The Anti-Government Movement Guidebook, National Center for State Courts (1999), downloadable at *http://www.ticketslayer.com/beta_ts_2/anti-gov_handbook.pdf...*" as well as many other websites. *Id*. at 604.

Owens' motion to dismiss on the ground that federal criminal jurisdiction only extends to the District of Columbia, United States territorial possessions and ceded territories ignores that 18 USC §3231 vests federal district courts with "original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Ownes also chooses to ignore that Article 1, Section 8 of the United States Constitution empowers Congress "[t]o make all Laws which shall be necessary and proper for carrying into Execution the foregoing Powers, and all other Powers vested by this Constitution in the Government of the United States, or in any Department or Officer thereof" including the powers of Congress 1) "[t]o lay and collect

Taxes..." and 2) "[t]o constitute Tribunals inferior to the supreme Court." He further ignores Article 3, Section 1 of the Constitution which provides that the "judicial Power of the United States shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish." He also ignores that the Sixteenth (XVI) Amendment to the Constitution of the United States specifically provides: "The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration." Mr. Owens' also chooses to ignore the supremacy clause contained in Article Six (VI) of the Constitution of the United States which provides in pertinent part: "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; ... shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." Mr. Owens chooses to ignore that within the above outlined Constitutional authority, the Congress enacted Title 26, Section 7201 of the United States Code making "[a]ny person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof ... in addition to other penalties provided by law, ... guilty of a felony...." This is the very crime with which Mr. Owens has been charged under the grand jury's indictment returned in accord with the process guaranteed by the Fifth (V) Amendment to the Constitution of the United States: "No person shall be held to answer for a capital, or

otherwise infamous crime, unless on a presentment or indictment of a Grand Jury. ...” Finally,

Mr. Owens chooses to ignore the protections afforded him by the Sixth (VI) Amendment to the

Constitution of the United States: “In all criminal prosecutions, the accused shall enjoy the right

to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall

have been committed, which district shall have been previously ascertained by law. ...” That

district is the Northern District of West Virginia.

      Arguments similar to that of Mr. Owens that the Federal Court lacks jurisdiction to

adjudicate the government's tax evasion case against Defendant have been ruled frivolous,

lacking in credulity and patently absurd. by a host of other courts considering the issue: United

States v. Dawes, 874 F.2d 746, 750 (10th Cir.), cert. denied, 493US 920, 110 S.Ct. 284, 107

L.E.2d 264 (1989) , overruled on other grounds, 895 F.2d 1581 (10th Cir. 1990).; United States

v. Tedder, 787 F.2d 540, 542 (10th Cir. 1986); United States v. Amon, 669 F.2d 1351, 1355 (10th

Cir. 1981); United States v. Brown, 600 F.2d 248, 259 (10th Cir.) cert. denied, 444 US 917, 100

S.Ct. 233, 62 L.Ed.2d 172 (1979); Cheek, 882 F.2d 1270; United States v. Ward, 833 F.2d 1538,

1539 (11th Cir. 1987), cert. denied, 485 US 1022, 108 S.Ct. 1576, 99 L.Ed.2d 891 (1988); United

States v. Evans, 717 F.2d 1334, 1334 (11th Cir. 1983); United States v. Drefke, 707 F.2d 978, 981

(8th Cir., cert. denied, 464 US 942, 104 S.Ct.359, 78 L.E.2d 321 (1983); United States v.

Spurgeon, 671 F.2d 1198, 1199 (8th Cir. 1982); O'Brien v. United States, 51 F.2d 193, 196 (7th

Cir.) cert. denied, 284 US 673, 52 S.Ct. 129, 76 L.E. 569 (1931). In United States sv. Koliboski, 732 F.2d 1328, 1329-30 (7th Cir. 1984) the Court held:

> On appeal, the defendant argues principally that the district court did not have subject matter jurisdiction over the charges against him on the ground that Title 26 of the United States Code is not encompassed by the 18 U.S.C. § 3231 (1948) grant of jurisdiction to district courts. Courts too numerous to enumerate have rejected this silly claim, and we now specifically reject it. *E.g., United States v. Drefke,* 707 F.2d 978 (8th Cir.), *cert. denied,* --- U.S. ----, 104 S.Ct. 434, 78 L.Ed.2d 321 (1983). Section 3231 vests in the district courts original jurisdiction over "all offenses against the laws of the United States." Sections 7201 through 7210 of Title 26 were enacted pursuant to the power granted Congress by article 1, section 8 of and the sixteenth amendment *1330 to the United States Constitution. Title 26 thus defines laws of the United States, suits for violations of which clearly fall within federal district court jurisdiction under Section 3231. *See* 1 U.S.C. § 112 (1951); *United States v. Eilertson,* 707 F.2d 108 (4th Cir.1983).

Following the sound reasoning and conclusions reached by these and many other district and Courts of Appeals, the undersigned concludes that Defendant Owens' challenge that the United States District Court for the Northern District of West Virginia does not have subject matter jurisdiction over alleged tax evasion cases or over Defendant is frivolous, completely without merit and should be DENIED.

Defendant Owens further contends he is not the Defendant named in the indictment and therefore is not properly before the Court because he is a natural person and his name is spelled "Melvin Leo Ownes upper and lower case" and not in all capital letters as in the indictment and

style of this case.

As pointed out in <u>Mitchell</u>, *supra* at 606, "[s]ome parts of the anti-government movement however, will refuse to come forward on the ground that their name is mispelled, or even because their name is in all capital letters. This particular objection comes from a number of "sources". Some believe that the spelling (or misspelling, or use of all capital letters) of their name ...denotes a corporation, and that answering as a corporation subjects them to [what they believe are] the illegitimate laws of the American Judicial system." (insert added by the undersigned). This appears to be the argument presented by Defendant Owens. Owens also appears to join the misspelling of his name argument with an insistence to be recognized as a "Sovereign" because he claims to be a sovereign citizen. This argument also seems to be tied in a convoluted way to Owen's argument that he is not a "person" but instead, is a flesh and blood human being. A very similar argument was made in <u>United States v. Karlin</u>, 785 F.2d 90 (3rd Cir. 1986). Karlin, challenging his conviction for willful failure to file income tax returns, claimed he was not a "person" within the meaning of 26 USC §7203 and therefore was not required to pay taxes. The Court of Appeals held: "These contentions are frivolous and require no discussion. Similarly, in <u>United States v. Isenhower</u>, 754 F.2d 489, (1985), the Third Circuit Court of Appeals, in addressing Defendant contentions on appeal that: 1) "the Congress of the United States ... has never conferred upon the Distirct Courts within the Federal Government, or any other Court,

criminal jurisdiction over God-created persons"; 2) "that in examining the Constitution Congress only has the power over three (3) types of crimes! [counterfeiting, felonies on the high seas and offenses against the law of nations, and treason"; 3) that within the whole of Title 18 of the United States Code, exists all the law (sic) on any federal crime that could be committed against the United States" held:

> Jurisdiction over tax matters has been explicitly given to the district courts by Congress, which provided that the district courts of the United States shall have original jurisdiction over all offenses against the laws of the United States. Article 1, Section 8 of the Constitution and the Sixteenth Amendment empower Congress to create and enforce an income tax. ... Finally, there is no precedent nor rationale to support Isenhower's contention that all of the criminal laws of the United States must be placed in Title 18.

The Court went on to say: "Furthermore, the grounds asserted in this appeal are plainly frivolous." and proceeded to issue an Order to Show Cause why the Court should not award damages and single or double costs against appellant to the appellee. Other Courts addressing the "all capital letters" contention as frivolous and absure are: American Silver LLC v. Emanuel Covenant Communities, 207 WL 1468600 (D. Utah May 17, 2007); United States v. Bradley, 2001 WL 997428 (6th Cir. 2001); and United States v. Gonzalez, 2007 WL805992 (4th Cir. 2007 per curiam).

With respect to Owen's argument to the effect that he is a free man who is exempt from laws unless he chooses to contract with the government and that he has not chosen to contract

with the government, the Court in <u>State v. Skurdal</u>, 235 Mont. 291, 767 P.2d 304, 308 (1988) found such an argument to be an invitation to anarchy and rejected it.

Therefore, to the extent Owens asserts that: by spelling his name in all capital letters in the indictment, he is not properly named and therefore not before the Court; that the crimes charged against under 26 USC §7201 are not crimes or are not crimes within the jurisdiction of the Court because they are not found in Title 18 of the United States Code; that he is a God created natural born man and therefore not subject to the jurisdiction of the Court; and that as a natural born man he is sovereign and not subject to the laws of the United States unless he chooses to contract with the United States or its agencies,  the undersigned joins with a long list of Courts finding those grounds are frivolous and without merit and recommending that they should be DENIED.

To the extent Defendant Owens argues that the land of West Virginia was not acquired by the United States; he is a private inhabitant of a state, an American Sovereign and not citizen of a state or a US citizen or a 14th amendment citizen or a privileged federal worker or government employee, corporation or trust; and that the Court is acting under a military flag and therefor is a military court not competent to try a Citizen of West Virginia and to the extent those arguments have not already been addressed, they too are frivolous, without merit and should be DENIED.for the following additional reasons.  As previously stated 18 USC §3231 explicitly

vests federal jurisdiction in the district courts. They have original jurisdiction over "all offenses against the laws of the United States." There is no basis for the claim that federal criminal jurisdiction is limited to the District of Columbia, United States territorial possessions and ceded territories. United States v. Collins, 920 F.2d 619, 629 (10th Cir. 1990). "Article 1, Section 8 of the United States Constitution ... empowers Congress to create, define and punish crimes, irrespective of where they are committed" and "also empowers Congress to create and provide for the administration of an income tax." *Id.* "For seventy-five years, the Supreme Court has recognized that the sixteenth amendment authorizes a direct nonapportioned tax upon United States citizens throughout the nation, not just in federal enclaves. Brushaber v. Union Pac. R.R., 240 US1, 12-19, 36 S.Ct. 236, 239-242, 60 L.Ed. 493 (1916). Defendant offers not one shred of evidence that he does not reside within the confines of Preston County, West Virginia which is a county within the jurisdiction of the District Court for the Northern District of West Virginia. Defendant Owens' argument that because a flag located outside or inside the Magistrate Judge/Grand Jury hearing room at the Clarksburg Point of holding Court within the Northern District of West Virginia has fringe on it, it is a military flag and thus the Court is a military court is so rediculous, spurious and without any legal merit, and deserves no further comment.

Discovery

       Defendant Owens complains he did not get discovery from the United States by

December 11, 2008 as provided in the Court's Initional Scheduling Order. The Government

provided discovery to Defendant Owens and has since supplemented that discovery in accord

with LRCrP 16.01. Defendant acknowledges receipt of the discovery notwithstanding that some

of it was received after the date provided for in the initial scheduling order. The Government

acknowledged that it took it longer to get all of the discovery out because of its large volume.

No prejudice has been shown by Defendant and the undersigned perceives none. Defendant's

claim that the Government breached a "contract" with the Court when it failed to get all of the

discovery to Defendant within the time limit set in the Initial Scheduling Order is without merit

for the reasons heretofor set forth. There was no contract between the United States Attorney

representing the Government and the Court. There was an Initial Scheduling Order only and it

is an order binding on the parties and governing the conduct of certain pretrial matters in the case.

Once again, Defendant has made and prosecuted a spurious argument and motion.

<u>IV</u>
<u>Recommendation</u>

For the foregoing reasons, it is RECOMMENDED that Defendant Owens' Motion to

Dismiss and Motion to Quash, Defendant Owens' Motion To Dismiss or Quash or Suppress all

the evidence for breach of discovery encompassed in Docket Entries 5, 8, 10, 14, 16, 23, 24, 28,

30, 35, 37, 50, 52, 54, 56, 59, 61, 62, 65, 70, 72, 73, 75 and 77 be DENIED.

The undersigned does not address Defendant's Petition For A Writ of Mandamus (DE 61).

Any party may, within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Opinion/Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Opinion/Report and Recommendation for Disposition set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such proposed findings and recommendation contained therein. 28 U.S.C. § 636(b)(1); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *Thomas v. Arn*, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail an authenticated copy of this Opinion/Report

and Recommendation to counsel of record.

Respectfully submitted this 20th day of January, 2009.

*John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE